IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STEPHEN BROMBERG, | ) Civil No. 06-80246-CIV-RYSKAMP/VITUNAC |
| HOUSEHOLD PROPERTIES CORP. | ) |
| and OCEAN TRUST LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECREE OF FORECLOSURE AND ORDER OF SALE

Pursuant to 28 U.S.C. §§ 2001 and 2002, and 26 U.S.C. §§ 7402 and 7403, it is hereby ORDERED as follows:

1. Defendant Stephen Bromberg is indebted to the United States of America for assessed and unpaid federal income tax liabilities for the 1995, 1996 and 1998 tax years, in the total amount of $245,361.65 as of February 12, 2007, plus further interest and statutory additions thereon as provided by law. As provided by 26 U.S.C. §§ 6601, 6621 and 6622, interest shall accrue daily at the rate of 0.02191% to the date paid in full.

2. Pursuant to 26 U.S.C. § 6321 the United States has valid federal tax liens arising out of Stephen Bromberg's assessed and unpaid federal income tax liabilities for the 1995, 1996 and 1998 tax years upon all property and rights to property belonging to Stephen Bromberg, and specifically, upon the real property at issue in this proceeding located at 20321 Boca West Drive, #1402, Boca Raton, Florida 33434-4731, legally described as:

> Unit No. 1402 of THE HAMMOCKS AT BOCA WEST, A
> CONDOMINIUM, according to the Declaration of Condominium
> thereof, recorded in O.R. Book 2635, Pages 1810 through 1859, of

        the Public Records of Palm Beach County, Florida, including all attachments and amendments thereto.

3. This property, and all the improvements, buildings, fixtures and appurtenances thereon and thereunto pertaining, and all rental proceeds therefrom, whether individually or collectively, are hereinafter referred to as the "Subject Property."

4. The federal tax liens described above are valid and are being enforced through a foreclosure upon the Subject Property pursuant to 26 U.S.C. § 7403 and the Final Judgment of Foreclosure entered by this Court.

5. The Internal Revenue Service Property Appraisal and Liquidation Specialists (PALS) shall offer for public sale and sell the Subject Property to the highest and best bidder for cash, subject to certain other rights as set forth in this Order. No further orders or process from this Court shall be required to effectuate the sale by PALS of the Subject Property.

6. The representatives of PALS are authorized to have free access to the Subject Property during reasonable business hours prior to taking physical possession of it. PALS shall take all actions appropriate to conserve and preserve the Subject Property until the deed for the Subject Property is delivered to the successful purchaser.

7. All persons occupying the Subject Property shall deliver up the Subject Property to the PALS representative, including all keys to the Subject Property, suitably labeled, and shall permanently vacate the Subject Property within thirty (30) days of the date this Order is entered. All such persons shall take with them their personal property, but without removing any improvements, buildings, fixtures and appurtenances on the Subject Property. If any such person fails or refuses to vacate the Subject Property as specified herein, the United States Marshal and his deputies are authorized and directed to take all actions reasonably necessary to eject that

person at the request of the PALS representative. If any such person fails or refuses to remove his or her personal property from the Subject Property within the time specified herein, such personal property remaining on the thereafter is deemed forfeited and abandoned, and the United States Marshal and his deputies are authorized to remove it from the Subject Property and dispose of it as the Marshal and his deputies deem appropriate. This Order shall serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from this Court shall be required for this purpose.

8.     The sale by public auction shall be held live at the location of the Subject Property or at such other place within Palm Beach County, Florida, as determined in the discretion of PALS, no later than 90 days from the entry of this Order, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002. The sale shall not be held exclusively over the internet, but if permitted by PALS, shall allow for potential buyers not in attendance at the live auction to submit bids over the telephone, facsimile and internet during the auction. After PALS has determined the date, time and place for the sale, PALS shall insert the same in the Notice of Sale of Real Property attached hereto, and shall promptly mail a copy of such Notice of Sale of Real Property to each of the following:

| | |
|---|---|
| Ocean Trust LLC<br>c/o Patrick Dervishi<br>Kahan & Associates<br>1800 NW Corporate Blvd<br>Suite 102<br>Boca Raton, FL 33431 | Household Properties Corp.<br>c/o Patrick Dervishi<br>Kahan & Associates<br>1800 NW Corporate Blvd<br>Suite 102<br>Boca Raton, FL 33431 |

...

R. Alexander Acosta, Esquire  
United States Attorney  
Southern District of Florida  
500 East Broward Blvd., 7th Floor  
Fort Lauderdale, Florida 33394  
    Attn: Civil Division

Kenneth A. Hochman, Esquire  
Associate Area Counsel  
Internal Revenue Service  
1000 S. Pine Island Road, Suite 300  
Plantation, Florida 33324  
    Attn: John Lortie, Esquire

Rachael Amy Kamons  
Trial Attorney, Tax Division  
U.S. Department of Justice  
Post Office Box 14198  
Ben Franklin Station  
Washington, D.C. 20044

9.     The date, time and place of sale shall also be announced by PALS by advertising a Notice of Sale of Real Property substantially in the form of the Notice attached to this Order once each week for four consecutive weeks preceding the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Palm Beach County, Florida, and by any other notice PALS may in its discretion deem appropriate. The notice shall contain a description of the realty and shall contain the terms and conditions of sale as set forth in this Order.

10.     The terms and conditions of the sale are as follows:

    a.     The United States, through PALS, will set the minimum bid for such sale in its discretion.

    b.     The sale shall be free and clear of any and all claims, liens, encumbrances, rights, equities and interests of the defendants and all persons, firms or corporations claiming by, through or under the defendants except as otherwise provided herein. The sale shall be subject to any unpaid ad valorem real property taxes.

  c. The successful bidder shall be required to deposit with PALS cash or cashier's check of twenty (20) percent of the amount bid on the date of the sale and within two (2) hours after completion of the sale. Such time may be extended for good cause in the sole discretion of PALS.

  d. The balance of the purchase price shall be tendered to PALS by the successful bidder within thirty (30) days following the date of the sale. Payment shall be made by cashier's check payable to the Clerk, United States District Court for the Southern District of Florida. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of sale, with any amount remaining to be retained by PALS as damages, and the Subject Property shall again be offered for sale under the terms and conditions set forth in this Order.

11. If the Subject Property does not sell at the first sale for at least the amount of the minimum bid as set by the United States or as determined by this Court, within 75 days of the first sale, PALS shall serve a second Notice of Sale of Real Property in a form substantially similar to the Notice of Sale of Real Property used for the first sale. The second sale of the Subject Property shall be conducted no later than 120 days after the first attempted sale of the Subject Property.

12. Upon receipt of the full purchase price of such sale, and after the filing a motion for its confirmation with the Court and the entry of an Order of this Court confirming the sale, PALS shall execute and deliver a deed conveying the Subject Property to the purchaser.

13. Household Properties Corp., Ocean Trust LLC and any tenants or persons occupying the Subject Property shall not commit waste against the Subject Property, nor shall they cause or permit anyone else to do so. They shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall they cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction. No person receiving notice of the entry of this Order shall take any steps to impede PALS in the execution of its duties, except pursuant to further order of this Court.

14. Upon the sale of the Subject Property, PALS shall remit the sale proceeds to the Clerk of the Court with a Report of Sale itemizing the expenses incurred in maintaining and selling the Subject Property, and the Clerk shall accept these funds for deposit in the registry of the Court. These expenses will be assessed against Stephen Bromberg by PALS and remitted to the United States from the sale proceeds.

15. Upon the sale of the Subject Property, the liens and claims of the parties to this action shall attach to the proceeds of sale in the same order that their liens and claims attached to the Subject Property, as determined by this Court.

16. After PALS remits the sale proceeds to the Clerk of Court as set forth above, this Court shall enter an appropriate order directing the Clerk to distribute the balance of the sale and rent proceeds according to the following priorities:

  a. To the United States as reimbursement for expenses incurred in maintaining and selling the Subject Property and for Stephen Bromberg's unpaid federal income tax liabilities.

  b. Any excess proceeds shall be paid to Ocean Trust LLC.

17. This Court shall retain jurisdiction over this cause for purposes of making any and all further orders and decrees as may be just and equitable, including without limitation orders of distribution and orders permitting private sale upon proper motion.

IT IS FURTHER ORDERED that the Clerk of Court shall immediately mail a copy of this Order to all counsel of record herein and to PALS and the Internal Revenue Service at the addresses set forth below and shall also deliver a copy to the United States Marshal.

DONE AND ORDERED in West Palm Beach, Florida, this _22_ day of _June_, 2007.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
United States District Judge

Copies to:
Patrick Dervishi, Kahan & Associates
 1800 NW Corporate Blvd, Suite 102, Boca Raton, FL 33431

Rachael Amy Kamons, Trial Attorney, Tax Division, U.S. Department of Justice
 Post Office Box 14198, Ben Franklin Station, Washington, D.C. 20044

Gary F. Griffin, Property Appraisal and Liquidation Specialist, Internal Revenue Service
 227 N. Bronough Street, Room 1019, Tallahassee, Florida 32301